# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM MAHER SMADI, #39482-177, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00217-JPG |
| J. MICHAELIS, and<br>WILLIAM TRUE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court for consideration is a Motion to Stay filed by Plaintiff Hosam Maher Smadi, (Doc. 5), an inmate currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion").

Plaintiff filed a civil rights action on December 6, 2018, in *Smadi v. True,* No. 18-cv-02149-JPG, (S.D. Ill.; Doc. 1), alleging that various officials interfered with his outgoing mail, denied him due process and retaliated against him by holding him in the Communication Management Unit without a hearing, and refused to provide him with Halal meals in accordance with his religious requirements. The Court screened the Complaint organizing the claims into seven separate counts, (Doc. 12, p. 4). Count 7 regarding the denial of the Halal meals in violation of religious rights protected by the constitution and the Religious Freedom Restoration Act was severed into a new case and the remaining Counts 1 through 6 were dismissed with prejudice as not cognizable under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). (Doc. 12). A judgment was entered in favor of Defendants. (Doc. 13). Plaintiff also incurred a "strike" under the provisions of 28 U.S.C. § 1915(g). He then filed a Notice of Appeal arguing that the Court

1

erred by not considering his claims for injunctive relief, dismissing Counts 1-6, severing Count 7, and assessing a strike. (Doc. 14) (*See also* App. No. 19-1370) (7th Cir.).

Pursuant to the Court Order requiring severance of Count 7 (Doc. 12), this case was opened on February 19, 2019. Plaintiff was advised that he had until March 26, 2019, to inform the Court in writing whether he wished to proceed with this lawsuit. (Doc. 4). On March 4, 2019, Plaintiff filed a Motion to Stay requesting to stay the preliminary review of his Complaint and payment of the filing fee until the final disposition of his appeal in *Smadi v. William True,* App. No. 19-1370 (7th Cir.).

## Discussion

The only matter in Plaintiff's original case before the Seventh Circuit of Appeals that is potentially relevant to the instant case is whether severance of Count 7 was proper. Allowing this case to proceed to screening and, if it survives, through discovery, will in no way prejudice Plaintiff, even if he is successful on appeal. If the Seventh Circuit concludes that severance was improper, the Court would then administratively close this action and consolidate Count 7 with any claims allowed to proceed in the original case. At most, Plaintiff would be entitled to having his filing fee for this action returned. Because the pending appeal would have such a limited impact on these proceedings, the Court finds that a stay of the proceedings is unnecessary. The Court, however, will refrain from collecting a filing fee from Plaintiff at this time. For these reasons, the Motion to Stay is **DENIED**. The Court will address Plaintiff's IFP Motion by separate order and will defer collecting on any payments due pending resolution of the appeal. As Plaintiff has indicated, he wishes to proceed with this matter, the Court will conduct a review of his claims under 28 U.S.C. § 1915A as soon as practicable. (*See* Doc. 5, p. 3).

**<u>Disposition</u>**

**IT IS ORDERED** that the Motion to Stay (Doc. 5) is **DENIED**. The Clerk of Court is **DIRECTED** to defer collecting on any payments due pending the resolution of *Smadi v. William True,* App. No. 19-1370 (7th Cir.).

**IT IS SO ORDERED.**

**DATED: 6/20/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
