# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM MAHER SMADI, #39482-177, <br> Plaintiff, <br><br> vs. <br><br> J. MICHAELIS, and <br> WILLIAM TRUE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 19−cv−00217−JPG <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Hosam Maher Smadi, an inmate with the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP Marion"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb – 2000bb-4 (West 2019). Plaintiff originally brought this claim in *Smadi v. True,* No. 18-cv-02149-JPG (S.D. Ill.) and it was severed into this separate action. (Doc. 1). Plaintiff seeks monetary and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be

1

liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint: Plaintiff is a Sunni Muslim and adheres to the Salafi interpretation of Islam, which requires him to eat halal food. (Doc. 1, p. 20). Halal food must be prepared in a container that has not been used to cook or prepare other forbidden foods. *Id.* at p. 20. This preparation requirement includes preparing food in a microwave, and Plaintiff cannot eat food heated in a microwave that has been used to heat pork or other prohibited food. *Id.* Because of the manner in which it is prepared and the ingredients used, Kosher food does not meet the halal requirements. *Id.* Plaintiff informed Food Services Administrator J. Michaelis and Warden True of his dietary requirements, but they have only provided him with kosher meals and informed him that he may purchase halal items in the Commissary or through the Special Purpose Order procedures. *Id.* at pp. 14, 24. He is also required to use the same microwave as all the other inmates, which does not meet his religious requirements. *Id.* at p. 27.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts.

> **Count 1:** Defendants Michaelis and True denied Plaintiff halal meals and a separate microwave in violation of the Free Exercise Clause under the First Amendment.
>
> **Count 2:** Defendants Michaelis and True denied Plaintiff halal meals and a separate microwave in violation of the Religious Freedom Restoration Act.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned**

**in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pleaded under the *Twombly*[1] pleading standard.**

### Count 1

Plaintiff cannot bring a claim under the Free Exercise clause of the First Amendment against federal officials pursuant to *Bivens* in light of the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). *Ziglar* suggests that the only valid contexts for constitutional claims against federal officers are those previously recognized by the Court under the Fourth, Fifth, and Eighth Amendments. The Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60. Plaintiff's First Amendment claim does not fit under any of the scenarios recognized as falling under *Bivens;* nor are there any "special factors" in this case that would urge expanding *Bivens* here. Further, the Supreme Court has stated, "[w]e have never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). This Court has recently declined to extend *Bivens* to First Amendment claims. *Borowski v. Baird*, Case No. 16-cv-848-JPG, 2018 WL 6583976 (S.D. Ill. Dec. 14, 2018), *aff'd,* No. 19-1113, 2019 WL 2542750 (7th Cir. June 20, 2019); *White v. Inch*, Case No. 17-cv-1059-JPG, 2018 WL 6584899 (S.D. Ill. Dec. 14, 2018), *aff'd on other grounds,* No. 18-3720, 2019 WL 2542217 (7th Cir. June 20, 2019). In fact, "[n]ationwide, district courts seem to be in agreement that, post [Ziglar], prisoners have no right to bring a *Bivens* action for violation of the First Amendment." *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at * 3 (S.D. Ind. July 25, 2018). Consistent with the Court's previous rulings, the Court declines to extend *Bivens* to Plaintiff's First Amendment Claim and so

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Count 1 is dismissed without prejudice.

**Count 2**

Under the Religious Freedom Restoration Act, the government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1 (West 2019). A substantial burden is one that "bears direct, primary, and fundamental responsibility" for rending a religious exercise "effectively impartible." *Korte v. Sebelius*, 735 F.3d 654, 682 (7th Cir. 2013). Furthermore, the Supreme Court has held that a government imposes a substantial burden when it "puts substantial pressure on an adherent to modify his behavior and violate his beliefs." *Thomas v. Review Bd.*, 450 707, 718 (1981). To make out a claim, the Plaintiff need only show an honest conviction, not a correct interpretation, of his religious obligation. *Id.* at 683.

At this stage, Plaintiff's claim that Defendants' refusal to provide him with a halal diet, unless he purchased the halal food items himself places a substantially burden on the exercise of his religion is sufficient to survive screening. *See Jones v. Carter,* 915 F.3d 1147, 1150 (7th Cir. 2019) (applying the similar Religious Land Use and Institutionalized Persons Act, "when a state forces a prisoner to give away his last dime so that his daily meals will not violate his religious practice, it is imposing a substantial burden."). Therefore, Count 1 shall proceed against Michaelis and True.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED without prejudice** and **COUNT 2** shall proceed against **Michaelis** and **True.**

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **Michaelis** and **True**; the Clerk shall issue the

4

completed summons. The United States Marshals **SHALL** serve Defendants **Michaelis** and **True** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: June 28, 2019**

        s/J.Phil Gilbert
        **J. PHIL GILBERT**
        **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.**